UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ANGEL COLON, NORMAN E.
CASIANO-MOJICA, FRANCHESSKA
MERCADO, JEANETTE MCCOY,
CESAR RODRIGUEZ, COREY
RIVERA, ROSAMARIA FEBO, DAVID
JOURDENAIS, EMILY ANN
PORTALATIN, RODNEY SUMTER,
ADRIAN LOPEZ, JAVIER NAVA,
LEONEL MELENDEZ, JOAQUIN
ROJAS, KALIESHA ANDINO,
CARLOS MUNIZ, JUAN J. CUFINO-
RODRIGUEZ, IVAN DOMINGUEZ,
CASSANDRA MARQUEZ, GEOFFREY
RODRIGUEZ, DONALD BROWN,
JOSE DIAZ, JAMMY VALENTIN
FERNANDEZ, CARLOS J. PEREZ
ANGLERO, DEMETRIUS POLANCO,
MIGUEL VEGA, CARMEN N CAPO-
QUINONES, CORY RICHARDS,
JONATHAN L. GARCIA, OLGA
MARIA DISLA, NATHAN OROZCO,
BETTIE LINDSEY, NEREDIA RIBOT,
YVENS CARRENARD, SONIA N
CEDENO, KADIM RAMOS,
MERCEDES GARCIA, SANDY
ROBERTS, MERCEDES A. MCQUERY,
JAVIER ANTONETTI, KEINON
CARTER, MARISSA DELGADO,
MAVELYN MERCED, JUAN
ANTONETTI, ROLANDO J
RODRIGUEZ, CHRISTIAN ORIZ-
CARDONA, YORVIS JOSE
CAMARGO-ROMERO, JOSEPH
NEGRON, CHRISTOPHER HANSEN,
NELSON RODRIGUEZ, ROBERTO
TEXIDOR-CARRASQUILLO, CHRISS
MICHAEL WEST, JACOBI CEBALLO,
MICHAEL GONZALEZ, MARITZA
GOMEZ, MOHAMMED S ISLAM,
FRANCISCO G. PABON GARCIA,
BERNICE DEJESUS VALAZQUEZ,**

**ISMAIL MEDINA MORALES, EDWIN RIVERA ALVAREZ, JOSE PACHECO and LIZMARYEE FINOL VILORIA,**

        **Plaintiffs,**

**v.**                                **Case No:  6:18-cv-515-Orl-41GJK**

**TWITTER, INC., GOOGLE, LLC and FACEBOOK, INC.,**

        **Defendants.**
_____/

## ORDER

THIS CAUSE is before the Court upon *sua sponte* review of the record. On October 22, 2019, the Court held a Telephonic Status Conference to discuss violations of Local Rules by Plaintiffs' counsel Keith Altman. (Min. Entry, Doc. 100). Plaintiffs' local counsel Michael T. Gibson and counsel for Defendants also appeared telephonically.

### I.    BACKGROUND AND LOCAL RULES

By way of background, Plaintiffs have filed a Third Amended Complaint (Doc. 81), Defendants have filed a Joint Motion to Dismiss the Third Amended Complaint ("Motion," Doc. 84), and Plaintiffs have filed a Response in Opposition ("Response," Doc. 91). The document at issue here is the Response, which was signed and filed in CM/ECF by Mr. Altman. (*Id.* at 31).

Local Rule 1.05(a) requires that, except for quotations of three lines or more and footnotes, "all pleadings and other papers tendered by counsel for filing shall be typewritten, **double-spaced**, in at least [twelve]-point type, . . . with **one and one-fourth inch top, bottom and left margins and a one to one and one-fourth inch right margin**." M.D. Fla. Local Rule 1.05(a) (emphases added). The Local Rules also require that responses to a motion shall not exceed twenty pages. *Id.* at R. 3.01(b).

Upon reviewing the Response, it was readily apparent to the Court that the document does not comply with Local Rule 1.05(a). Violations of the local rule, as shown in the screenshots below, include:

- Approximately[1] 1.74 line spacing instead of the required double-spacing
- Approximately 0.87 line spacing instead of the required single-spacing for block quotations
- One-inch left margin instead of the required 1.25-inch margin
- Single line spacing between the end of paragraphs and the subsequent heading instead of the required double-spacing



---

[1] It is clearly apparent from the face of the Response that the text is not double-spaced nor are the quotations single-spaced. However, because documents are filed in PDF format, the Court had to convert the Response to Microsoft Word format in order to fairly consider the violations. Therefore, these representations are close approximations of the line spacing.

Defendants "willfully" provide "services" that expand the reach of ISIS' global terrorist network. *See* 50 U.S.C. § 1705(c); 31 C.F.R. § 594.204(a). Together, these allegations plausibly demonstrate that Defendants violated the IEEPA.

No line space → **C. Plaintiffs Have Adequately Established Proximate Cause**

As for the relevant ATA causation standard, *Fields* is not the appropriate test.  In *Fields*, the plaintiffs commenced an ATA direct liability action against Twitter for knowingly providing

When offered an opportunity by the Court to address these obvious deficiencies during the Telephonic Status Conference, Mr. Altman decided to pursue an aggressive and quite unapologetic approach. First, he stated that he would open the Microsoft Word document to determine whether there was a problem. Presumably, he was checking for spacing errors. However, Mr. Altman later made it clear to the Court that the document spacing was deliberate. He then attempted to justify the violation by explaining that "[t]here is an issue [with Microsoft] Word." He stated: "We have Word's interpretation of double spacing is bigger than double spacing which is more than two times the font size. And so we have selected exactly 24 points which is exactly double spacing by definition. . . . [T]he single spacing . . . is set at exactly 12 points for the spacing which is exactly single spaced." When asked by the Court whether he filed all of his documents with these settings, Mr. Altman replied in the affirmative.

Additionally, upon closer inspection of the docket, the Response is twenty-five pages in length, when the Local Rules only allow for a response of twenty pages. After Plaintiffs filed their First Amended Complaint in this matter, *both* parties were granted leave to file excess pages—thirty pages for Defendants' Motion to Dismiss in response to the First Amended Complaint, and twenty-five pages for Plaintiffs' Response. (June 22, 2018 Endorsed Order, Doc. 58). After Plaintiffs filed their Third Amended Complaint, Defendants again moved for leave to file excess

pages for their anticipated motion to dismiss, (Motion for Leave to File Excess Pages, Doc. 82, at 3), which was granted, (Apr. 24, 2019 Endorsed Order, Doc. 83). However, Plaintiffs never moved for nor were granted a variance from Local Rule 3.01(b) to allow them to file greater than a twenty-page response to Defendants' Motion. The five extra pages plus the other spacing violations resulted in—by this Court's approximation—an extra twelve pages in the Response.

## II.   ANALYSIS

Mr. Altman violated the Local Rules.[2] Specifically, Mr. Altman violated Local Rule 1.05(a) by using improperly narrow margins and Local Rule 3.01(b) by filing the Response of twenty-five pages without requesting or being granted leave of the Court to file greater than twenty pages. These violations might have been overlooked by the Court as genuine mistakes but for the other more egregious violations involving line spacing as well as the troubling representations made to the Court when confronted with the violations.

Looking to Mr. Altman's argument regarding double-spacing versus twenty-four-point spacing—as equally applied to single-spacing versus twelve-point spacing—this argument is neither novel nor correct. In fact, at least two other United States District Courts have addressed this attempted circumvention of Local Rules by attorneys. *See* Order, *Virnetx, Inc. v. Microsoft Corp.*, No. 6:07-cv-80 (E.D. Tex Apr. 29, 2010) (striking the offending documents and granting leave to file within one business day); Endorsement, *Lopez v. The Gap Inc.*, No. 1:11-cv-3185 (S.D.N.Y. May 3, 2012) (granting additional pages for reply brief due to line spacing violations of opposing party); Order, *CafeX Commc'ns, Inc. v. Amazon Web Servs.*, No. 17-civ-1349 (S.D.N.Y. Mar. 30, 2017) (ordering offending party to re-file a compliant brief and to pay monetary

---

[2] It is worth noting that the Court has the privilege of reviewing hundreds if not thousands of documents per year. The violations here are clear on the face of the document. The subsequent conversion to Microsoft Word was merely a cautionary exercise aimed at confirming the obvious.

sanctions). In none of the three cases located did the District Court allow the offending document to stand without some repercussion.

Because these other cases are not binding on this Court, the Court will undertake the academic exercise of explaining exactly why Mr. Altman is incorrect in his argument. The issue before the Court—double-spacing versus twenty-four-point spacing—is a question of interpreting what exactly the Middle District of Florida means by the term "double-spaced" in Local Rule 1.05(a). By a plain-meaning[3] interpretation, "double" spacing might mean double the font height (i.e., twenty-four-point spacing for twelve-point font), as Mr. Altman argues. But, as Black's Law Dictionary cautions in the very definition of the plain-meaning rule, "this rule is often condemned as simplistic because the meaning of words varies with the . . . context and the surrounding circumstances." On the other hand, applying originalism[4]—as is appropriate in this scenario because the Middle District of Florida Local Rules were in fact adopted and promulgated by the Court itself—"double-spaced" undoubtedly means the traditional setting in Microsoft Word aptly labeled as "[d]ouble" under the "[l]ine spacing" option.

If this analysis is not clear enough, the Court will point out one additional factor that validates its position that Mr. Altman's argument is a futile attempt to deny his violation of the Local Rules. When asked by the Court whether Mr. Altman filed all of his documents in this manner, i.e., twenty-four-point spacing, he responded in the affirmative. That is simply not true. Plaintiffs' Third Amended Complaint, a document which is not page-limit constrained by the

---

[3] Black's Law Dictionary defines the "plain-meaning rule" to mean "[t]he doctrine that if a legal text is unambiguous it should be applied by its terms without recourse to . . . any other matter extraneous to the text unless doing so would lead to an absurdity."

[4] Black's Law Dictionary defines "originalism" as, *inter alia*, "[t]he doctrine that a legal instrument should be interpreted to effectuate the intent of those who prepared it or made it legally binding."

Local Rules, is double-spaced according to the Microsoft Word pre-set for double-spacing.[5] Other filings by Mr. Altman also employ true double-spacing. (*See, e.g.*, Doc Nos. 11, 50, 65, 86). While the Court will not speculate as to Mr. Altman's motives in making his argument, the Court is concerned that Mr. Altman may have misled the Court.

Though applied in a different context than the instant issue, the Fifth Circuit aptly captured the importance of attorneys practicing in a "faithful and ethical" manner—"Indeed, the preservation of our civil liberties depends upon the faithful and ethical exercise of power by those who bear the mantle of public trust." *Dickson v. Quarterman*, 462 F.3d 470, 480 (5th Cir. 2006) (citing *Cheney v. U.S. Dist. Court*, 542 U.S. 367, 386 (2004)). Consequently, Mr. Altman must be called on to answer for violating the Local Rules, especially in light of the troubling statements made at the Telephonic Status Conference in defense thereof.

### III.   CONCLUSION

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1. **On or before 12:00 PM, November 4, 2019,** Mr. Altman shall **SHOW CAUSE** in writing as to why sanctions should not be imposed. Failure to timely respond may result in the imposition of sanctions without further notice.

2. **On or before 12:00 PM, November 4, 2019,** counsel for Defendants shall each file an itemized list of the costs and fees incurred in the drafting and filing of their Joint Motion to Dismiss the Third Amended Complaint (Doc. 84) and the fees

---

[5] It does appear that Plaintiffs' Response in Opposition (Doc. 72) to the motion to dismiss the Second Amended Complaint contains the same offending line spacing. However, Plaintiffs' Second Amended Complaint was summarily dismissed as a shotgun pleading, (*see* Mar. 26, 2019 Order, Doc. 80, at 3), so the applicable motion to dismiss and response were disregarded as moot.

associated with appearing telephonically at the October 22, 2019 Telephonic Status

Conference.

**DONE** and **ORDERED** in Orlando, Florida on October 24, 2019.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record